**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DONNA K., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   v. | )  Case No. 4:23-CV-1184-JSD |
| | ) |
| LELAND DUDEK, | ) |
| ACTING COMMISSIONER OF SOCIAL | ) |
| SECURITY, | ) |
| | ) |
|     Defendant.[1] | ) |
| | ) |

**MEMORANDUM AND ORDER**

This is an action under 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's final decision denying the application of Donna K. ("Plaintiff") for Disability Insurance Benefits ("DIB") under Title II the Social Security Act, 42 U.S.C. §§401, *et seq*. For the reasons stated herein, the Court remands Plaintiff's claim for DIB to the Commissioner.

**I.    Background**

On April 4, 2020, Plaintiff filed an application for DIB. (Tr. 305-10) In her Disability Report, Plaintiff alleged a disability due to Degenerative disc disease; Diverticulosis; Fibromyalgia; Irritable bowel syndrome; Chronic fatigue; Depression; Anxiety; Chronic back; Neck pain; Insomnia. (Tr. 144) Plaintiff's claim was initially denied on March 30, 2021 (Tr. 135-144) and denied reconsideration on October 28, 2021. (Tr. 147-52) Plaintiff requested a hearing, which was held on April 6, 2022. (Tr. 37-66)

---

[1] Leland Dudek is now the Acting Commissioner of Social Security. He is automatically substituted as the defendant in this action pursuant to Fed. R. Civ. P. 25(d).

In the opinion, the ALJ found that Plaintiff did not engage in substantial gainful activity after her alleged onset date and that she suffered from degenerative disc disease, fibromyalgia syndrome, and Sjogren's syndrome with keratoconjunctivitis sicca. (Tr. 19) The ALJ determined that Plaintiff had the non-severe conditions of dry eyes, depression, and anxiety. (Tr. 19) The ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR 404, Subpart P, Appendix 1. (Tr. 21) The ALJ found that Plaintiff had the residual functional capacity (RFC) to perform sedentary work, as defined in 20 C.F.R. §§ 404.1567(a) except: Plaintiff can lift up to 10 pounds occasionally; stand and walk for about 2 hours and sit up for 6 hours in an 8-hour workday with normal breaks; occasionally climb ramps or stairs, but never climb ladders, ropes or scaffold; occasionally stoop, kneel, crouch and crawl; avoid concentrated exposure to operational control of moving machinery; and avoid unprotected heights and exposure to hazardous machinery. (Tr. 22) the ALJ relied on vocational expert testimony to conclude that Plaintiff could perform past relevant work as a bookkeeper and tax preparer. (Tr. 26)

The ALJ issued an unfavorable decision on June 21, 2022. (Tr. at 13-36) The Appeals Council denied Plaintiff's Request for Review of Hearing Decision/Order. (Tr. 1-7)  *See Sims v. Apfel*, 530 U.S. 103, 107 (2000).

Plaintiff filed this appeal on September 21, 2023. (ECF No. 1)  On January 12, 2024, Plaintiff filed a Brief in Support of Plaintiff's Complaint. (ECF No. 10) The Commissioner filed a Brief in Support of the Commissioner's Decision on February 9, 2024. (ECF No. 11) On February 23, 2024, Plaintiff filed her Reply Brief. (ECF No. 12)

As to Plaintiff's testimony, work history, and medical records, the Court accepts the facts as provided by the parties.

**II.     Legal Standard**

The Social Security Act defines as disabled a person who is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The impairment must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

The Social Security Administration ("SSA") uses a five-step analysis to determine whether a claimant seeking disability benefits is in fact disabled. 20 C.F.R. § 404.1520(a)(1). First, the claimant must not be engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Second, the claimant must establish that he or she has an impairment or combination of impairments that significantly limits his or her ability to perform basic work activities and meets the durational requirements of the Act. 20 C.F.R. § 404.1520(a)(4)(ii). Third, the claimant must establish that his or her impairment meets or equals an impairment listed in the appendix of the applicable regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairments do not meet or equal a listed impairment, the SSA determines the claimant's RFC to perform past relevant work. 20 C.F.R. § 404.1520(e).

Fourth, the claimant must establish that the impairment prevents him or her from doing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant meets this burden, the

3

analysis proceeds to step five. At step five, the burden shifts to the Commissioner to establish the claimant maintains the RFC to perform a significant number of jobs in the national economy. *Singh v. Apfel,* 222 F.3d 448, 451 (8th Cir. 2000). If the claimant satisfied all of the criteria under the five-step evaluation, the ALJ will find the claimant to be disabled. 20 C.F.R. § 404.1520(a)(4)(v).

### III.  Discussion

#### A.  Supportability and Consistency

"The key issue is whether the Commissioner's decision is supported by substantial evidence in the record as a whole." *Cox v. Barnhart*, 471 F.3d 902, 906 (8th Cir. 2006) (citing *Sultan v. Barnhart,* 368 F.3d 857, 862 (8th Cir. 2004)). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012) (citing *Travis v. Astrue*, 477 F.3d 1037, 1040 (8th Cir. 2007)). In determining whether evidence is substantial, this Court considers "evidence that detracts from the Commissioner's decision as well as evidence that supports it." *Travis*, 477 F.3d at 1040 (citing *Singh v. Apfel,* 222 F.3d 448, 451 (8th Cir. 2000)). "If substantial evidence supports the Commissioner's conclusions, this court does not reverse even if it would reach a different conclusion, or merely because substantial evidence also supports the contrary outcome." *Id.*

The ALJ's treatment of medical opinion evidence is governed by 20 C.F.R. § 404.1520c. Under this Regulation, ALJs are to consider all medical opinions equally and evaluate their persuasiveness according to several specific factors: supportability, consistency, the medical source's relationship with the claimant, specialization, and other factors such as the source's understanding of the Social Security Administration's disability policies and their familiarity

4

with other evidence in the claim. 20 C.F.R. § 404.1520c(c). ALJs must "articulate in [their] determination or decision how persuasive [they] find all of the medical opinions and all of the prior administrative medical findings in [the] case record." 20 C.F.R. § 404.1520c(b). "The first two factors—supportability and consistency—are the most important." *Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022); *accord Austin*, 52 F.4th at 723; *see* 20 C.F.R. §§ 404.1520c(a), (b)(2), 416.920c(a), (b)(2); *Violet G. v. Kijakazi*, No. 21-CV-2105 (TNL), 2023 WL 2696594, at *5 (D. Minn. Mar. 29, 2023). "These regulations require the ALJ to discuss, at a minimum, the supportability and consistency of a medical opinion." *Bement v. Kijakazi*, No. CV 23-3010, 2023 WL 8720686, at *2 (W.D. Ark. Dec. 18, 2023).

The record includes three medical opinions related to Plaintiff's mental impairments: (1) the initial evaluation of the State agency psychological consultant, Charles Watson, Psy. D.; (2) the reconsideration evaluation performed by Keith Allen, Ph.D.; and (3) the psychological consultative examination completed by Thomas Spencer, Psy.D. The ALJ assessed these medical opinions and found Dr. Watson's opinion persuasive because "it was consistent with and supported by the complete record" (Tr. 24-25) and the opinions of Dr. Allen and Dr. Spencer unpersuasive. (Tr. 25)

Plaintiff claims that "[t]he ALJ failed to comply with the requirements of 20 C.F.R. §404.1520c" because the ALJ "did not explain who the factor of supportability was considered or provide a meaningful assessment of the factor of consistency." (ECF No. 10 at 2)

Notably, Dr. Allen and Dr. Spencer opined that Plaintiff had moderate limitations in the mental functioning. Specifically, Dr. Allen opined that Plaintiff had moderate limitations in all paragraph B criteria and retained the ability to understand and remember one to two-step directions; sustain concentration, persistence and paid with simple tasks; socially interact in a

5

simple work environment; and adjust to routine changes in a simple work environment. (Tr. 121-24) Psychological consultative examiner Dr. Spencer found that Plaintiff had a "moderate impairment in her ability to learn, recall, and use information and to consistently stay on task" and a "moderate impairment in her ability to relate to and work with others on a consistent basis." (Tr. 1251) The ALJ found these opinions unpersuasive because they were inconsistent and not supported by objective medical records. (Tr. 25) The ALJ noted that additional medical records show that Plaintiff's depression was either negative or normal with depressive screening of 2 or 0 on the PHQ-2. *Id*.

Plaintiff asserts that ALJ's comparison of Dr. Allen's and Dr. Spencer's reports to evidence submitted to the medical record after they provided their opinions is insufficient to demonstrate the supportability factor. (ECF No. 10 at 4):

> The undersigned considered the opinion of Keith L. Allen, Ph.D., and found it unpersuasive (Exhibit B5A). Dr. Allen opined that the claimant has moderate limitations in understand, remember or apply information, interact with others, concentrate, persist or maintain pace and adapt or manage oneself. He further opined that the claimant retained the ability to understand and remember 1-2 step directions; concentrate, persist, and maintain pace with simple tasks; retained the ability to socially interact in a simple work environment; and retained the ability to adjust to routine changes in a simple work setting. His opinion is not consistent with and not supported by the objective medical records. The additional medical records that were submitted after the opinion was given shows that the claimant's depression was either negative or normal with depression screening of 2 or 0 on the PHQ-2 (Exhibits B20F/8; B13F/5)

(Tr. 25)

> The undersigned considered the opinion of Thomas J. Spencer, Psy.D., and found it unpersuasive (Exhibit 18F). Dr. Spencer found the claimant had moderate impairment in her ability to learn, recall, and use information, to consistently stay on task, and ability to relate to and work with others on a consistent basis. He further opined that the claimant has a GAF score of 55-60. Additional medical records that were received after the opinion was given shows that the claimant's depression was either negative or normal with depression screening of 2 or 0 on the PHQ-2 (Exhibits B20F/8; B13F/5). As such, the opinion is not consistent with and supported by the objective medical

6

records.

(Tr. 26)

Plaintiff argues that the ALJ's description of Dr. Allen and Dr. Spencer's opinions fails to satisfy the supportability and consistency factors. (ECF No. 10 at 4-5) Plaintiff asserts that the ALJ "failed to address the explanations and evidence that Drs. Allen and Spencer provided with their opinions in finding them unpersuasive." (ECF No. 10 at 5) Indeed, Plaintiff claims that the ALJ's mere use of the word "supported" in the ALJ's analyses "did not rectify the ALJ's failure to articulate how supportability was considered." (ECF No. 10 at 5) Similarly, Plaintiff contends that the ALJ did not properly assess the consistency factor in his decision, instead citing to two "negative or normal" depression screenings in the treatment notes to contrast with Dr. Allen's and Dr. Spencer's opinions. (ECF 10 at 5 (citing Tr. 25, 26)) Plaintiff claims that ALJ did not reconcile the record with his conclusion, instead relying on two isolated mental health findings to discount Dr. Allen's and Dr. Spencer's opinions. *Id*. Instead, Plaintiff emphasizes the records where Plaintiff had depressed affect, claimed fatigue and insomnia, and was diagnosed with moderate major depressive disorder. (ECF No. 10 at 6 (citing 1206, 1267)) Plaintiff further contends other records detail her struggles with insomnia, decreased concentration, anxiety, flat affect, depressed mood, dysphoric mood, and memory loss "consistent with the moderate limitations Drs. Allen and Spencer assessed. (ECF No. 10 at 6 (citing Tr. 440, 689, 1267, 1327, 1354))

Further, Plaintiff finds flaw in the ALJ's determination that state agency psychological consultant Dr. Watson's opinion was "persuasive because it was consistent with and supported by the record." (ECF No. 10 at 6 (citing Tr. at 25)) At the initial level, Dr. Watson concluded Plaintiff's mental impairments were non-severe but there was "insufficient evidence" to evaluate

7

the paragraph B criteria. (Tr. 96) Again, Plaintiff claims the ALJ used the terms "support and consistent" without explaining how these factors were used in determining the persuasiveness of the opinion. (ECF No. 10 at 6) Plaintiff contends that "[t]he ALJ's failure to address the factor of supportability likely stems from the lack of support Dr. Watson provided for his opinion." (ECF No. 10 at 7) Plaintiff also claims that the ALJ did not explain how Dr. Watson's opinion was consistent with the record as a whole, instead providing "a string cite to five exhibits" which totaled 746 page of medical records. (ECF No. 10 at 7 (citing Tr. 25)) Plaintiffs argues that this string citation provides "no meaningful assessment of how the records demonstrating that [Plaintiff] struggled with insomnia, decreased concentration, anxiety, flat affect, depressed mood, dysphoric mood, and memory loss were consistent with Dr. Watson's conclusion that [Plaintiff's] mental impairments were non-severe." (ECF No. 10 at 7 (citing Tr. 440, 689, 1267, 1327, 1354)) Further, Plaintiff claims that the ALJ did not reconcile the fact that Dr. Watson's conclusions were opposed to the mental health opinions of Drs. Spencer and Allen. (ECF No. 10 at 7-8) In sum, Plaintiff contends that the ALJ failed to properly assess the relevant mental health opinions, which necessarily affected the outcome of the decision because the ALJ would have found that her mental impairments were severe.

The Commissioner argues that "[t]he ALJ discussed the limited medical record in detail prior to evaluating the medical opinions and the PAMFS [prior administrative medical findings]." (ECF No. 11 at 6 (citing Tr. 23-26)) The Commissioner contends that the "PAMFs by Dr. Watson assessed nonsevere mental impairments and insufficient evidence related to the four broad areas of functioning (understanding, remember, or apply information; interact with others; concentrate; persist, or maintain pace; and adapt or manage oneself)." (ECF No. 11 at 6-7 (citing

8

Tr. 96)). The ALJ found Dr. Watson's nonsevere mental impairment finding persuasive because it was consistent with and supported by the complete record. (Tr. 25).

In this case, the Court holds that the ALJ failed to adequately discuss the two factors of supportability and consistency with respect to the medical opinions of Dr. Watson, Dr. Allen, and Dr. Spencer. The Court finds that the ALJ detailed very few medical records that explain why he found the opinion of Dr. Watson persuasive, particularly when Dr. Watson found there was "insufficient evidence" to evaluate the paragraph B criteria. Likewise, the Court finds that the ALJ not explain his finding that the opinions of Drs. Allen and Dr. Spencer were not supported by or consistent with the medical records nor did he reconcile their opinions with Dr. Watson's opinion. The ALJ omitted from his discussion any reference to notes provided by a medical professional, particularly as related to Plaintiff's mental status. Notably, State agency consultant Dr. Allen provided an explanation with his opinion that cited medical evidence, mental status examinations, and Plaintiff's reports (*see* Tr. 113-14) yet the ALJ did not explain why Dr. Allen's opinion was not persuasive. The ALJ's failure to comply with the opinion-evaluation regulation is a legal error that warrants remand. *Bonnett v. Kijakazi*, 859 Fed.Appx. 19 (8th Cir. 2021) (unpublished) (per curium) (citing *Lucus v. Saul*, 960 F.3d 1066, 1069-70 (8th Cir. 2020) (remanding where ALJ discredited physician's opinion without discussing factors contemplated in Regulation, as failure to comply with opinion-evaluation Regulation was legal error)); *Pipkins v. Kijakazi*, No. 1:20 CV 161 CDP, 2022 WL 218898 (E.D. Mo. Jan. 25, 2022) (finding that the ALJ's failure to "explain" and "articulate" the supportability and consistency of medical opinion evidence was reversible error even when the ALJ elsewhere adequately summarized the evidence of record, and it supported the RFC determination). On remand, the ALJ must fully evaluate and explain the supportability and consistency of the medical opinion

9

evidence, in accordance with 20 C.F.R. § 404.1520c. *See Bement v. Kijakazi*, No. CV 23-3010, 2023 WL 8720686, at *3 (W.D. Ark. Dec. 18, 2023).

### B. Impact of Mental Impairments on Ability to Do Past Work

In addition to her physical impairments, Plaintiff also reported that she suffered from mental impairments: depression, lack of concentration, irritability, low mood, and anxiety. (Tr. 51, 291) The ALJ assessed Plaintiff's mental impairments and concluded that her depression and anxiety were non-severe and caused mild impairments in the paragraph B criteria. (Tr. at 19) Based upon these findings, the ALJ concluded "the evidence does not otherwise indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities." (Tr. 21) Likewise, the ALJ found Plaintiff could perform a range of sedentary work with no mental impairments. (Tr. at 22) At Step Four, the ALJ found that Plaintiff was not disabled and she could perform her past relevant work as a bookkeeper, skilled, SVP 6 and as a tax preparer, semi-skilled, SVP 4. (Tr. at 26)

Plaintiff argues that the ALJ's determination that she could perform her past relevant work was not supported by substantial evidence because it failed to consider the impact of her mental limitations. (ECF No. 10 at 1, 9) Plaintiff claims her ability to perform semi-skilled and skilled past relevant work would have necessarily been impacted by symptoms related to her mental impairments. (*Id*. at 9) Plaintiff compares this case to *Lilly v. Kijakazi*, No. 4:22-CV-1331 SRW, 2023 WL 5951822, at *8 (E.D. Mo. Sept. 13, 2023). In Lilly, the ALJ "found Plaintiff was able to return to her previous job performing skilled work, with the record at best supporting her ability to do basic work." Id. at *8. However, the *Lilly* court remanded the action because the ALJ had not included "a discussion within the decision of whether Plaintiff's ability to do 'basic work' would also allow her to perform the 'skilled work' of her past jobs, including tasks that are

10

more than simple or routine and require more than occasional interactions with others." *Id*. at *8 (citing *Evalyne Kathleen H. v. Kijakazi*, 2022 WL 539104, at *5 (D. Kan. Feb. 23, 2022) (remanding when "the decision and the record evidence does not reflect that the ALJ actually compared Plaintiff's mental abilities with the mental demands of her past relevant work which was skilled work with an SVP of 5 or 6")). Similarly, here, Plaintiff argues that the ALJ's decision "is without any discussion about how [Plaintiff's] mental impairments would enable her to perform semi-skilled or skilled work." (ECF No. 10 at 11) Thus, Plaintiff asks this Court to remand this case for the ALJ to "properly consider [Plaintiff's] ability to perform her past relevant work." *Id*.

The Court finds that the ALJ failed to properly account for Plaintiff's mental limitations in his finding that Plaintiff could perform her past work. In assessing mild limitations in the paragraph B criteria, at step two, the ALJ determined "the evidence does not otherwise indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities." (Tr. at 21) (emphasis added). However, later in the decision, the ALJ concluded Plaintiff could perform her past relevant work, which was semi-skilled and skilled. (Tr. at 26). The ALJ erred in that he did not "include a discussion within the decision of whether [Plaintiff's] ability to 'basic work' would also allow her to perform [the semi-skilled and skilled work] of her past jobs." *Lilly*, 2023 WL 5951822 at *8. The Commissioner failed to address this error or point to any discussion in the ALJ's decision that contemplates [Plaintiff's] ability to perform the mental requirements of her past work. Thus, the Court holds that remand is required for "the ALJ to expound upon whether [Plaintiff] is, in fact, capable of performing her past relevant work." *Id*. at *7.

11

### IV.  Conclusion

Based on the foregoing, the Court finds that the ALJ's decision should be remanded to the ALJ to (1) properly explain how the required regulatory factors were considered in assessing the mental medical opinion; and (2) consider the impact of Plaintiff's mental impairments on her ability to return to her past relevant work.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **REMANDED** to the Commissioner. On remand, the ALJ shall (1) properly explain how the required regulatory factors were considered in assessing the mental medical opinion; and (2) consider the impact of Plaintiff's mental impairments on her ability to return to her past relevant work.

**IT IS FURTHER ORDERED** that the Clerk shall reflect on the docket that Leland Dudek, Acting Commissioner of Social Security, is the proper defendant pursuant to Fed. R. Civ. P. 25(d).

_____
JOSEPH S. DUEKER
UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of March, 2025.